**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEVEN A. MILLER,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-14-0592-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: February 24, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Dan Klein, Clinton, Mississippi, for the appellant.

Suzanne B. McCabe, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary disability retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant worked as a Supervisor, Customer Services at the agency's Jeannette Post Office in Jeannette, Pennsylvania. Initial Appeal File (IAF), Tab 4 at 53. On October 26, 2012, the appellant applied for disability retirement. *Id.* at 59-60. Around the same time period, he applied for Social Security disability benefits. *Id*. at 61-62. He retired from the agency with a disability retirement on March 11, 2013. *Id.* at 53. On May 27, 2013, the appellant filed a discrimination complaint with the agency alleging discrimination based on disability and retaliation for engaging in protected activity. *Id.* at 54. The agency issued a final agency decision (FAD) that found no evidence of discrimination or that the agency forced him to retire. *Id.* at 34, 38.

¶3 The appellant initiated a Board appeal alleging that his disability retirement was involuntary and that the agency discriminated against him by refusing to grant him a reasonable accommodation. IAF, Tab 1 at 2-3. The appellant also marked on the appeal form that he had filed a whistleblowing complaint with the Office of Special Counsel and a complaint with the Department of Labor (DOL) regarding either the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) or the Veterans Employment Opportunities Act of 1998 (VEOA). *Id*. at 4. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 12. The administrative judge issued a jurisdictional order directing the appellant to file evidence and/or argument that the Board has jurisdiction over his involuntary retirement. IAF, Tab 6 at 3. The appellant requested additional time to respond, but never filed any additional response to the jurisdictional order. IAF, Tab 7.

¶4 The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1. He found that the

appellant failed to make a nonfrivolous allegation that (1) he informed the agency that he wished to continue working but required a reasonable accommodation, or (2) he was able to work with such an accommodation. ID at 5-6. He also found that the appellant failed to make a nonfrivolous allegation that the agency forced him to retire. ID at 6-7. The administrative judge also construed the appellant's appeal form to allege that he was raising a USERRA discrimination claim. ID at 7-8. He found that the appellant did not allege that his involuntary disability retirement was due to his prior military service, and that USERRA does not provide for a claim of discrimination based on a disability arising from his military service. ID at 8. The administrative judge granted the agency's motion to dismiss because the appellant did not establish Board jurisdiction over his appeal. ID at 8.

¶5    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review. PFR File, Tab 3.

This appeal must be remanded for further adjudication of the appellant's involuntary disability retirement claim.

¶6    The administrative judge found that the appellant failed to make a nonfrivolous allegation that his disability retirement was involuntary. ID at 4-6. The Board has recognized that involuntary disability retirement appeals are somewhat different from ordinary involuntary retirement appeals. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 17 (2013). In most cases, an appellant who alleges that his disability retirement was involuntary must show that: (1) he indicated to the agency that he wished to continue working, but that his medical limitations required a modification of his work conditions or duties, i.e., accommodation; (2) a reasonable accommodation was available during the period between the date on which he indicated to the agency that he had medical limitations but desired to continue working and the date that he was separated that would have allowed him to continue working; and (3) the agency

unjustifiably failed to offer that accommodation. *Id.* To invoke Board jurisdiction, the appellant must raise nonfrivolous allegations that, if true, would meet the elements of this test.[2] *See Brown v. Department of Defense*, 109 M.S.P.R. 493, ¶ 15 (2008).

¶7 The administrative judge found no evidence that the appellant notified the agency that he wished to continue working. ID at 5. The appellant provided no such evidence below and the agency provided the appellant's sworn affidavit from his equal employment opportunity (EEO) complaint in which he admitted that he retired due to his inability to perform the duties of his job. IAF, Tab 4 at 46. The affidavit also contained statements that the appellant requested reasonable accommodation to the district manager and the human resources manager, but the request was not acted upon. *Id.* at 42, 46. Affidavits that are not rebutted constitute evidence of matters asserted therein. *Schaefer v. U.S. Postal Service*, 42 M.S.P.R. 592, 595 (1989). At the jurisdiction stage, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). We find that the appellant's sworn statement that he requested accommodation from the agency is evidence that he made a nonfrivolous allegation that he wished to continue working.

¶8 The administrative judge also found that the appellant failed to nonfrivolously allege that there was a reasonable accommodation available that would have allowed him to continue working. ID at 5-6. The appellant provided no evidence of his medical restrictions. The appellant admitted in his EEO

---

[2] The documentation submitted by the appellant with his petition for review includes a request to continue working with potential work restrictions, his application for workers' compensation benefits and initial denial of his claim, information regarding settlement of an equal employment opportunity (EEO) complaint in 2001 and a 2010 Family and Medical Leave Act absence, and the first page of his 2013 EEO complaint. PFR File, Tab 1 at 2-12. The evidence submitted goes only to the first jurisdictional element that he wished to continue working. It does not show that a reasonable accommodation was available or that the agency failed to offer such an accommodation.

affidavit that he never provided any medical documentation to the agency regarding any work restrictions. IAF, Tab 4 at 42. He also never identified any position that was available that could function as a reasonable accommodation. IAF, Tab 1, Tab 4 at 41-48; *see SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 21 (2011) (second jurisdictional element met when the appellant alleged that an open position was available between the date on which he indicated he had medical limitations and the date he was separated). Because the record contains no evidence of the appellant's need for accommodation or any identification of a position that could accommodate him, we agree with the administrative judge that the appellant has not made a nonfrivolous allegation that a reasonable accommodation was available that would have allowed him to continue working. Because we find that the appellant did not make a nonfrivolous allegation that a reasonable accommodation was available, he also has not made a nonfrivolous allegation that the agency unjustifiably failed to offer the accommodation.

¶9        In his petition for review, however, the appellant appears to be claiming, inter alia, that his involuntary disability retirement was actually a constructive removal that was a result of whistleblower retaliation. In *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 13 (2011), we held that in some involuntary disability retirement appeals, it is appropriate to apply the elements generally applicable to involuntary adverse actions. Further, in *Burke v. Department of the Treasury*, 53 M.S.P.R. 434, 439 (1992), the Board ruled that allegations that an appellant's retirement resulted from retaliation for his whistleblowing should be considered in the same manner as allegations that the coercion was based on discrimination, i.e., such allegations should be considered in the first instance for the purpose of determining whether they support a finding of coercion. *See Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340, 1342-43 (Fed. Cir. 2001) (remanding for further adjudication of an allegation that a retirement was compelled by reprisal for whistleblowing). Moreover, in *Shelly v. Department of*

*the Treasury*, [75 M.S.P.R. 411](#), 414-15 (1994), the Board stated that, because jurisdiction in constructive adverse action appeals is tied to proof that the action is truly adverse, it has jurisdiction over appeals under the Whistleblower Protection Act upon proof that the constructive action was caused by whistleblower reprisal.

¶10     Thus, this appeal must be remanded for consideration of the appellant's allegations of whistleblower reprisal for the purpose of determining whether they support a finding of coercion.  The administrative judge did not address the appellant's whistleblowing allegations or provide the appellant with any jurisdictional notice regarding how he could meet his jurisdictional burden for this claim.  Because the Board would have jurisdiction to consider the appellant's whistleblower claims as an affirmative defense upon proof of jurisdiction over the constructive action, the appellant also must receive jurisdictional notice on these claims.  [5 U.S.C. § 2302](#)(a)(2)(C); *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643-44 (Fed. Cir. 1985); *Mack v. U.S. Postal Service*, [48 M.S.P.R. 617](#), 620-21 (1991).

<u>The appeal also must be remanded for the appellant to receive jurisdictional notice for his VEOA claim.</u>

¶11     The appellant indicated on his initial appeal that he filed a complaint with DOL and received a response on October 18, 2011.  IAF, Tab 1 at 4.  The appellant did not specify whether he was alleging a violation of USERRA or VEOA.  The administrative judge did not provide any notice to the appellant regarding how he could establish jurisdiction over a VEOA claim; however, he did provide notice of how to establish jurisdiction over a USERRA discrimination appeal in the initial decision.  ID at 7.

¶12     An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess*, 758 F.2d at 643-44.  However, the failure to provide an appellant with proper *Burgess* notice in an acknowledgment order or show cause order can be cured if the initial decision

itself puts the appellant on notice of what he must do to establish jurisdiction so as to afford him the opportunity to meet his jurisdictional burden for the first time on review. *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007). Because the administrative judge addressed the jurisdictional requirements for a USERRA discrimination appeal in the initial decision, the appellant was on notice that he must make a nonfrivolous allegation that he was discriminated against based on his prior military service. Therefore, the appellant's substantive rights were not prejudiced as they relate to any USERRA claim. *See Caracciolo*, 105 M.S.P.R. 663, ¶ 12. However, the administrative judge's failure to provide *Burgess* notice regarding the potential VEOA claim did prejudice the appellant's substantive rights. Therefore, we also must remand the appeal for the appellant to receive proper notice of how to establish Board jurisdiction over a VEOA claim.[3]

---

[3] The appellant indicated in his appeal that DOL issued a decision regarding his complaint on October 18, 2011. IAF, Tab 1 at 4. Normally, an appellant must file a VEOA appeal with the Board within 15 days of receiving DOL's notice closing the complaint. 5 C.F.R. § 1208.22(b). Equitable tolling may be available where the appellant, despite having diligently pursued his rights, was unable to make a timely filing. 5 C.F.R. § 1208.22(c). Here, the appellant filed his appeal on March 10, 2014, over 16 months after DOL issued its decision. IAF, Tab 1 at 4, envelope. Therefore, the appellant will need to demonstrate his diligence in pursuing his rights or have his claim dismissed for failure to timely file a VEOA appeal. *See Kirkendall v. Department of the Army*, 479 F.3d 830, 837-44 (Fed. Cir. 2007).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.